IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-mc-00211-RLV-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| GREGORY P. HAUGHTON, D.C., ) | |
| ) | |
| Defendant, ) | |
| and ) | |
| ) | |
| CARMEL CHIROPRACTIC CENTER, ) | |
| ) | |
| Garnishee. ) | |
| ) | |

**BEFORE THE COURT** is the Government's Motion to Dismiss Writ of Continuing Garnishment as to Carmel Chiropractic Center. (Doc. 66). For the reasons stated below, the Motion (Doc. 66) is **DENIED WITHOUT PREJUDICE** and the parties are permitted twenty-one days to submit appropriate filings in accordance with this Order.

**I.   DISCUSSION**

To satisfy an outstanding debt amount resulting from a favorable judgment, the United States may seek to garnish property in which the judgment debtor has a substantial, non-exempt interest. 28 U.S.C. § 3205. *See also* 18 U.S.C. § 3613(a). In 2009, a judgment was registered in this Court against Defendant Gregory P. Haughton. (Doc. 1). A writ of garnishment was issued as to Garnishee Carmel Chiropractic Center.[1] (Doc. 61). As of December 1, 2016, the balance on the judgment against Defendant stood at $51,390.28. *Id.* at 1.

---

[1] The Court notes that an earlier writ of garnishment was issued as to Carmel Chiropractic in this matter (Doc. 5). That previous writ was dismissed (Doc. 24), and has no bearing on the writ currently before the Court.

1

In its Answer, Garnishee claims it does not employ Defendant, nor does it have custody, control, or possession of property in which Defendant maintains an interest.[2] (Doc. 65 at 2). While this Court recognizes Defendant is not directly employed by Garnishee, it is not apparent from the record that Garnishee does not possesses employment earnings in which Defendant has a substantial, non-exempt interest. In fact, it appears from the Answer of Garnishee that the Garnishee does possess monies and earnings owed to the Defendant. Specifically, the Answer of Garnishee states:

> Defendant debtor is in a space rental agreement with the Garnishee's chiropractic center. Garnishee collect [sic] payments for all chiropractors operating out of the Garnishee's place of business from a central payment location. . . . From fees collected by the Garnishee *on behalf of the Defendant debtor* the Garnishee retains a thirty percent (30%) contingent rental fee. The remainder of the collected funds are thereafter *released to Defendant debtor*.

*Id*. (emphasis added). Thus, despite accepting Garnishee's assertion that Garnishee does not directly employ Defendant, this Court cannot definitively say Garnishee is not in possession of property, monies, or employment earnings belonging to Defendant.

## II.     DECRETAL

**IT IS, THEREFORE, ORDERED THAT**

(1) The Government's Motion to Dismiss Writ of Continuing Garnishment as to Carmel Chiropractic Center (Doc. 66) is **DENIED WITHOUT PREJUDICE**.

(2) The Government may file a new motion to dismiss writ of continuing garnishment that clarifies the financial relationship between Defendant and Garnishee and fully explains why any property, monies, and employment earnings held by Garnishee are not subject to garnishment; and

---

[2] Also in its Answer, Garnishee (1) attempts to claim an exemption to garnishment, under North Carolina law and on behalf of Defendant, based on Defendant's alleged need to support his family; and (2) asserts that any offset going to the garnishment should occur after deduction of the rental fee owed by Defendant to Garnishee. (Doc. 65 at 2-3).

(3)  Defendant and Garnishee are permitted twenty-one days to file responses to this Order that clarify the financial relationship between Defendant and Garnishee.

Signed: June 12, 2017

Richard L. Voorhees
United States District Judge