# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:09-mc-00211-RLV-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER**<br>) |
| GREGORY P. HAUGHTON, D.C., | )<br>) |
| Defendant, | )<br>) |
| and | )<br>) |
| CARMEL CHIROPRACTIC CENTER, | )<br>) |
| Garnishee. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the Government's Motion to Dismiss Renewed ("Renewed Motion") (Doc. 70). The Government's Renewed Motion seeks the dismissal of a Writ of Continuing Garnishment as to Garnishee Carmel Chiropractic Center (Doc. 61). The Government (Doc. 68) and Garnishee (Doc. 69) each filed answers in support of the Renewed Motion (Doc. 70). Defendant has not filed a response. Since the time for briefing has elapsed, this matter is now ripe for disposition. For the reasons stated below, the Renewed Motion (Doc. 70) is **GRANTED** and the Writ of Continuing Garnishment as to Carmel Chiropractic Center (Doc. 61) is **DISMISSED**.

## I. BACKGROUND

In 2009, the Government registered a judgment against Defendant Gregory P. Haughton. (Doc. 1). This Court issued a writ of continuing garnishment as to Garnishee Carmel Chiropractic

1

Center.[1] (Doc. 61). As of December 1, 2016, the principal balance on the judgment against Defendant stood at $51,390.28. *Id.* at 1.

The Government previously filed a Motion to Dismiss Writ of Continuing Garnishment as to Carmel Chiropractic (the "Motion"). (Doc. 66). This Court denied the Motion because the record, at the time, indicated that Garnishee was in possession of monies and earnings due to the Defendant. (Doc. 67 at 2). This Court's order denying the Motion permitted the Government an opportunity to file a renewed motion to dismiss so as to clarify the financial relationship between Defendant and Garnishee and to explain why any monies held by Garnishee were not subject to garnishment. *Id.* at 2-3. This Court also permitted Defendant and Garnishee twenty-one days to file their own responses clarifying any financial relationship between Defendant and Garnishee. *Id.* at 3.

The record establishes that, Defendant and Garnishee maintain a commercial space rental agreement, with Defendant renting office space from Garnishee. (Doc. 69 at 1). Based on the Garnishee's initial Answer, it appeared Garnishee received earnings and payments on behalf of Defendant and forwarded the earnings and payments to Defendant after deducting the rental fee owed to Garnishee:

> Garnishee collect [sic] payments for all chiropractors operating out of the Garnishee's place of business from a central payment location . . . From fees collected by the Garnishee *on behalf of the Defendant debtor* the Garnishee retains a thirty percent (30%) contingent rental fee. The remainder of the collected funds are thereafter *released to Defendant debtor*.

(Doc. 65 at 2) (emphasis added). Through a Supplemental Answer, Garnishee indicates that Defendant now directly collects all fees owed to him by patients for his services and that Garnishee now receives its rental fee from Defendant. (Doc. 69 at 1). The Government and Garnishee agree

---

[1] This Court issued an earlier writ of garnishment as to Carmel Chiropractic in this matter. (Doc. 5). This Court dismissed the earlier writ (*see* Doc. 24) and the earlier writ has no bearing on the writ at issue in the Renewed Motion.

2

Case 3:09-mc-00211-RLV-DCK    Document 71    Filed 07/26/17    Page 2 of 3

that the space rental agreement is the only remaining financial relationship between Garnishee and Defendant. *Id.* The Government and Garnishee also agree that Garnishee no longer holds any funds owed to Defendant. (Doc. 68 at 1, Doc. 69 at 1).

## II. ANALYSIS

To satisfy an outstanding debt resulting from a favorable judgment, the United States may seek to garnish property in which the judgment debtor has a substantial, non-exempt interest. 28 U.S.C. § 3205, *see also* 18 U.S.C. § 3613(a). However, if a garnishee no longer has possession, custody, or control over property belonging to the defendant, the writ of garnishment against the garnishee may be terminated. 28 U.S.C. § 3205(c)(10)(B). Based on the representations in the Garnishee's Supplemental Answer and in the Government's Renewed Motion, Garnishee neither currently possesses nor anticipates possessing any funds owed or payable to Defendant. (Doc. 69 at 1). Therefore, dismissal of the Writ of Continuing Garnishment (Doc. 61) is appropriate.

## III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**:

(1) The Government's Motion to Dismiss Renewed (Doc. 70) is **GRANTED**; and

(2) The Writ of Continuing Garnishment as to Carmel Chiropractic Center (Doc. 61) is **DISMISSED**.

Signed: July 26, 2017

Richard L. Voorhees
United States District Judge

3

Case 3:09-mc-00211-RLV-DCK   Document 71   Filed 07/26/17   Page 3 of 3